333 F.2d 358
 PARAMOUNT FILM DISTRIBUTING CORPORATION, Warner Bros.
Pictures Distributing Corporation, Twentieth Century-Fox
Film Company, Columbia Pictures Corporation, Universal Film
Exchanges, Inc., and Metro-Goldwyn-Mayer, Inc., Appellants,
v.
CIVIC CENTER THEATRE, INC., 10th Avenue Drive-In, Inc.,
Silver Bow Motor-Vu Drive-In, Inc., Bridgeway
Drive-In Theatre, Bow Theatre, Inc.,
Montana Corporations, Appellees.
BUENA VISTA DISTRIBUTION CO., Inc., Petitioner,
v.
The Honorable Willis W. RITTER, United States District
Judge, Respondent.
CIVIC CENTER THEATRE, INC., 10th Avenue Drive-In, Inc.,
Silver, Bow Motor-Vu Drive-in, Inc., Bridgeway
Drive-In Theatre, Bow Theatre, Inc.,
Montana Corporations, Appellees,
v.
PARAMOUNT FILM DISTRIBUTING CORPORATION, Warner Bros.
Pictures Distributing Corporation, Twentieth Century-Fox
Film Company, Columbia Pictures Corporation, Universal Film
Exchanges, Inc., NT&T Amusement Corporation, Fox
Intermountain Theatres, Inc., Buena Vista Distribution Co.,
Inc., and Metro-Goldwyn-Mayer, Inc., Appellants.
PARAMOUNT FILM DISTRIBUTING CORPORATION, Warner Bros.
Pictures Distributing Corporation, Twentieth Century-Fox
Film Company, Columbia Pictures Corporation, Universal Flim
Exchanges, Inc., and Metro-Goldwyn-Mayer, Inc., Petitioners,
v.
The Honorable Willis W. RITTER, United States District
Judge, Respondent.
 Nos. 7565, 7566, 7573, 7585.
 United States Court of Appeals Tenth Circuit.
 June 18, 1964.
 
 Dennis McCarthy, Leonard J. Lewis, and C. Keith Rooker, Salt Lake City, Utah (Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, with them on the brief), for appellants-petitioners, Paramount Film Distributing Corp., and others in Nos. 7565, 7573 and 7585.
 A. Vernon Carnahan, New York City (Peter Gartland, Donovan, Leisure, Newton & Irvine, New York City, and Hardin A. Whitney, Jr., of Moyle & Moyle, Salt Lake City, Utah, with him on the brief), for appellant-petitioner, Buena Vista Distribution Co., Inc., and others, in Nos. 7566 and 7573.
 Daniel L. Berman, Salt Lake City, Utah (Joseph Alioto, San Francisco, Cal., Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah, and G. Joseph Bertain, Jr., San Francisco, Cal., of counsel, were with him on the brief), for appellees, Civic Center Theatre, Inc., in Nos. 7565 and 7573, and respondent, The Honorable Willis W. Ritter, United States District Judge, in Nos. 7566 and 7585.
 Before PICKETT, LEWIS and SETH, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 The petitioners in Nos. 7566 and 7585 have filed applications for leave to file petitions for writs of mandamus or prohibition to be directed to the trial judge to vacate orders he entered directing petitioners to produce documents under Rule 34 of the Federal Rules of Civil Procedure. These petitions arise from a private antitrust action filed in the United States District Court for the District of Utah. The action was commenced by several Montana corporations which allege that they are owners and operators of theaters in Butte and Great Falls, Montana. Plaintiffs seek damages allegedly arising from a conspiracy among the defendants to restrain trade in the interstate distribution of motion pictures. There are nine defendants named in the complaint who are engaged in the business of distributing motion pictures. The petitioners are among these defendants. Each petitioner has its principal office in New York City with branch or regional offices in principal cities throughout the country. After the commencement of the action, the defendant, Buena Vista Distribution Co., Inc., submitted written interrogatories to the plaintiffs and answers were made. Later, the defendants took the depositions of the owners and managers of the plaintiffs and other corporate officers. Following this procedure, the plaintiffs moved under Rule 34 of the Federal Rules of Civil Procedure for the petitioners to produce documents. This motion for the production of documents required petitioners to produce virtually every document dated during the period January 1, 1952, through 1962 relating to the exhibition of motion pictures distributed by the petitioners within the states of Montana, Idaho, Wyoming, Utah, Colorado, Arizona, and New Mexico. The documents were listed in the motion by categories. It was contested by the petitioners, but the court granted the motion to produce in its entirety. The court in ruling indicated that unusually broad discovery would be permitted in cases of this character. However the objections advanced against the motion were considered by the trial court, particularly the inconvenience which would be caused by the use of current records. In this context the statements of the trial court as to his policy on limiting or not limiting discovery must be taken to mean that some limitation will be imposed, and the issues are here considered on this basis. We understand some control will be exercised.
 
 
 2
 Certain of the petitioners filed motions for reconsideration by the trial court of its order to product. The motions and supporting affidavits stated that the production of documents in Salt Lake City would require the transportation of several million documents from petitioners' offices in principal cities throughout the west and from New York City; and further that many of the documents were necessary in the conduct of petitioners' current business. These important facts were not before the court when it ruled on the motion to produce. The court refused to entertain the motion to reconsider, and it was entirely proper for it to do so. This being so, the affidavits supporting the motions to reconsider are not properly in the record. The party, Buena Vista Distribution Co., Inc., did make a limited presentation of facts supporting its objection, and these were before the court at the time of its original ruling. The court however decided against Buena Vista on these facts and, without more, we do not disagree.
 
 
 3
 Petitioners here urge that the order of the trial court does violence to Rules 30(b) and 34 of the Federal Rules of Civil Procedure, and that it is appropriate for this court to issue a writ of mandamus directed to the trial court to vacate its order of production.
 
 
 4
 The Buena Vista Distribution Co., Inc., in No. 7566, and Paramount Film Distributing Corporation, Warner Bros. Pictures Distributing Corporation, Twentieth Century-Fox Film Company, Columbia Pictures Corporation, Universal Film Exchanges, Inc., and Metro-Goldwyn-Mayer, Inc., in No. 7585 have also filed appeals from the action of the trial court in granting the plaintiff-appellees' motions for the production of documents. Both procedures will be considered in this opinion.
 
 
 5
 The questions presented to this court are whether an appeal will lie from the order for the production of documents under Rule 34, and secondly whether mandamus or some similar writ may be directed to the trial court by reason of the entry of the order.
 
 
 6
 To consider first the petition for writ of mandamus, the All Writs Statute, 28 U.S.C.A. 1651(a), provides that the courts may issue 'all provides that the appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.' The exercise of the power so given by the statute is necessarily one of discretion, and is in accordance with the established principles relative to the particular writ which is sought.
 
 
 7
 The Supreme Court in La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290, stated that the court of appeals could there entertain an appeal and thus had the power to issue the writ. Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185. The La Buy case was a private antitrust action and on appeal the question was whether or not it was proper for the trial court to refer the case to a master for proceedings on the merits. The Supreme Court held that the trial court did not have this authority, and the Court noted that if it found that the rules of practice and procedure had been nullified by the district judge, he would be restrained. The Supreme Court found the exercise of power to be proper and directed that the writ issue. By the referral to the master the trial court had in reality abdicated its judicial function. We do not have such a record before us. A trial court's refusal to limit the scope of discovery or the issues on discovery is however a refusal to act in an important area. A writ of mandamus to a trial court in matters relating to discovery should only issue under exceptional circumstances which amount to a clear abuse of discretion, an abdication of the judicial function, or the usurpation of judicial power. La Buy v. Howes Leather Co., supra; Pet Milk Company v. Ritter, 323 F.2d 586 (10th Cir.).
 
 
 8
 The problem was also discussed in Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9th Cir.), where the court of appeals issued a writ of mandamus vacating orders of the trial court entered under Rule 33 and 34 of the Rules of Civil Procedure. The matter ordered to be disclosed by the trial court was a secret formula, but the respondent urged that it was relevant to its defense of the case. The appellate court however issued its writ of mandamus vacating the order of disclosure. This cited case is certainly pertinent and persuasive in the case at bar. It represents a protection against a disclosure which would result in an irretrievable loss. Here the petitioners are facing a loss of time and money, and such loss is in one sense irretrievable, but we cannot say that this is comparable to Hartley Pen Co. v. United States District Court, supra.
 
 
 9
 The petitioners also cite Atlass v. Miner, 265 F.2d 312 (7th Cir.); Madison-Lewis, Inc. v. MacMahon, 299 F.2d 256 (2d Cir.), and Padovani v. Bruchhausen, 293 F.2d 546 (2d Cir.). However, these last two cited cases concerned a violation of particular rules of practice or of variations of established rules of practice, and are not pertinent to this case.
 
 
 10
 We cannot say from the record before us that the district judge has abdicated his judicial function. The material contained in the affidavits attached to the motion to reconsider filed by certain of the parties is not before us. The adverse effects which uncontrolled discovery has upon the benefits which are to be derived from the rules permitting discovery are apparent, but again we cannot say on this record that the trial judge has here abdicated his judicial function nor is it such a gross abuse of discretion as to warrant the issuance of the writ. Parr v. United States, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377; Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L.Ed. 1185; Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 74 S.Ct. 145, 98 L.Ed. 106; Lutes v. United States District Court, 306 F.2d 948 (10th Cir.), cert. den. 371 U.S. 941, 83 S.Ct. 320, 9 L.Ed.2d 275. As indicated above, the trial court considered the original objections on their merits and on the few facts presented to the court by the parties objecting to the order. It is indicated in the record that limitations were considered but refused on the basis of facts then before the court. If there be a case where the record shows there is discovery without limit or control and an undue burden on a party, it may be reached by a writ of mandamus, as an abandonment of the judicial function.
 
 
 11
 As to the appeals here sought by the appellants from the order of the trial court granting the appellees' motion for production of documents, we hold that the order in the cases before us is not such as would support an appeal. Appeals may be taken only from 'final decisions' of the district courts. 28 U.S.C.A. 1291. The order is not a final decision within the exception considered by the Supreme Court in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. This court considered the reasoning of the Cohen case in Lee v. Western Wool Processors, Inc., 313 F.2d 13 (10th Cir.), but neither of the cited cases is controlling here. In the Cohen case the Court was concerned with an order of the trial court which refused to apply a state statute relating to security for a defendant. The Supreme Court held that the order in Cohen was appealable and stated: 'This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.' The court in Niagara Duplicator Co. v. Shackleford, 160 F.2d 25 (D.C.Cir.), referred to a 'special appeal' in a case such as this but did not define the term. We, in Williams v. Continental Oil Co., 215 F.2d 4 (10th Cir.), considered a motion for a physical examination upon an appeal of the case on its merits. The record before us does not show facts which place the case within the Cohen category, but upon a proper showing the Cohen case must be applied.
 
 
 12
 The appellants here also rely strongly on Overby v. United States Fidelity & Guaranty Co., 224 F.2d 158 (5th Cir.), where the surety company sought to obtain correspondence between the Controller of the Currency and the Bank Examiner. The Secretary of the Treasury was not a party to the action, but resisted the attempt to have the correspondence produced. The Secretary's claim was denied by the trial court, and on appeal it was held that the order of production was a final appealable order as to the Secretary. We hold that as to the appeals the record does not present facts which bring the case within the exception described in Cohen v. Beneficial Loan Corp., supra, and the appeals will not lie.
 
 
 13
 It is of course the duty of the trial judge to supervise and control discovery; he is the only one who can do it effectively. If this duty is not exercised, the rules of discovery may be perverted to bring about serious injustices.
 
 
 14
 The order of the trial court for the production would certainly involve an expenditure of money on the part of the appellants, but it is not an appealable judgment in that sense as is urged by the appellants.
 
 
 15
 The trial court refused appellants-petitioners' request for security for costs. There appears to be no rule for such security in the District of Utah, and the refusal was within the court's discretion.
 
 
 16
 We therefore hold that under the facts, the order of the trial judge for the production of the documents under Rule 34 is not an appealable order, and the appeals are hereby dismissed. The applications for writs of mandamus and of other writs are also denied.
 
 
 17
 LEWIS, Circuit Judge (concurring).
 
 
 18
 I concur but, lest the result of our decision be generalized beyond the factual and procedural abyss through which it reaches us, I desire to add my personal emphasis to the limitations contained within my Brother Seth's opinion.
 
 
 19
 It is the clear duty of the trial court to control discovery under Rule 34 and a failure or refusal to do so in an abdication of judicial function so patent as to subject the mischief to the extraordinary remedy of appellate writ. But the technique of control is a matter of discretion, skill and judgment lying peculiarly within the trial court's grasp and subject to many variations depending upon the particular case and its problems. Complaints as to technique of control cannot be reached by extraordinary writ. In the case at bar, the trial court granted appellees' motion to produce in toto stating that he believed broad discovery was necessary in antitrust cases and that he would not 'interfere.' Our decision assumes, and I have no doubt, properly so, that the trial court's statement was but a generalization, an indication that the court considered wide latitude initially desirable as a matter of considered judgment. But certain it is that if, as the film companies apprehend, the course of the trial court's order results in a clear frustration of the intended purpose of discovery by imposing an overwhelming and unjustifiable physical and financial burden upon them, the trial court should then impose careful limitation. To refuse consideration of the actual results of an order of discovery is not comparable to a refusal to entertain a motion to immediately reconsider the initial order of discovery. The latter motion, to reconsider, is, as the main opinion points out, a motion without end and not required to be noticed by the court.
 
 
 20
 Rule 34, if not properly supervised, can also be used as an instrument of abuse under circumstances not amounting to an abandonment of the judicial function by the court. In such a case our decision, as I understand it, does not negative the potential appellate recognition of the problem upon direct appeal within the scope of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528. But the factual claims of the film companies (in main) as to the anticipated effect of the trial court's order are before this court only in support of petition for extraordinary writ and were filed in the trial court only in support of a motion to reconsider. This record, accordingly, presents nothing warranting an exception to the rule that orders relating to discovery are not appealable.