**CHRISTIAN ECHOES NATIONAL MINISTRY, INC., Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 38–68.

United States Court of Appeals
Tenth Circuit.

Dec. 30, 1968.

LeRoy Blackstock, Tulsa, Okl. (Dwayne C. Pollard, Tulsa, Okl., on the brief), for plaintiff-appellee.

Gilbert E. Andrews, Atty., Dept. of Justice (Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Atty. Dept. of Justice, Lawrence A. McSoud, U. S. Atty., of counsel, on the brief), for defendant-appellant.

Before MARVIN JONES *, Judge, United States Court of Claims, and

* Sitting by designation.

BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Christian Echoes National Ministry, Inc., the taxpayer, brought suit to recover taxes paid pursuant to the Federal Insurance Contributions Act, 26 U.S.C. § 3111. The question is the validity of an order of the trial court, made under Rule 34, F.R.Civ.P., requiring the United States to produce certain documents. This court permitted an appeal under 28 U.S.C. § 1292(b).

Section 501(a) and (c) (3) of the Internal Revenue Code of 1954 exempts from federal income taxation religious and educational corporations which meet certain standards.[1] This exemption is made applicable to the Federal Insurance Contributions Act by 26 U.S.C. § 3121(b) (8) (B).

The taxpayer is an Oklahoma corporation with its principal office in Tulsa. In 1953, the Commissioner of Internal Revenue ruled that the taxpayer was a religious and educational organization which was exempt from federal income tax. In 1966, this ruling was revoked on the grounds that the taxpayer was not operated exclusively for religious, charitable, or educational purposes; that a substantial part of its activities was an attempt to influence legislation; and that it had intervened, directly and indirectly, on behalf of candidates for public office. The taxpayer then paid FICA taxes and now sues to recover.

On this appeal the government seeks a decision that arbitrary and discriminatory action by the tax officials is no defense to the refund claim. The circumstances require a review of the record.

The complaint, and amended complaint, of the taxpayer aver that it is exempt from the taxes. By incorporation of the claims for refunds, it alleges arbitrary and discriminatory treatment but does not say that such treatment amounted to the deprivation of a constitutional right. The constitutional issue is injected by the briefs of the taxpayers. The government in its answer denied arbitrary and discriminatory treatment. In the pre-trial order the issue is defined thus:

"The following issue of fact and law, and no others, remain to be litigated upon in the trial:

Whether the plaintiff, Christian Echoes National Ministry, Inc., as defined in Section 501(c) (3) of the Internal Revenue Code of 1954, is operated exclusively for religious or educational purposes, and is thereby entitled to exemption from federal taxation."

After this order was entered, the taxpayer filed a Rule 34 motion requesting a variety of documents and the transcriptions of two telephone calls. The individuals concerned with these documents and calls are identified only in part. The motion is supported by an affidavit of counsel stating generally that the documents are needed to show discriminatory treatment and to enable the taxpayer to prepare its case.

The government objected to production on the grounds that the "good cause" requirement of Rule 34 was not met; that certain documents were not subject to discovery under the work product rule; and that, if the foregoing objections were overruled, the government should be allowed time to determine whether a claim of executive privilege should be asserted. In support, the government presented the affidavit of one of its counsel who stated generally the position of the government. Among other things, the objections said:

"Insofar as taxpayer's motion requests production of the interdepart-

1. Section 501(c) (3), so far as pertinent exempts: "Corporations, * * * organized and operated exclusively for religious, * * * or educational purposes, * * * no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda * * * to influence legislation, and which does not participate in, or intervene in * * * any political campaign on behalf of any candidate for public office."

mental memoranda, recommendations, reports and findings of the Internal Revenue Service and the Department of Justice, which relate to the administrative consideration given taxpayer, all such documents reflect the mental processes, impressions, reasonings, opinions, and recommendations of the attorneys and agents of the Commissioner of Internal Revenue and the Attorney General. These documents constitute the Government's internal work product and, as such, are not subject to discovery."

After a perfunctory hearing at which no attempt was made to ascertain the content or nature of the documents or to identify all of the individuals concerned therewith, the district court, without making any findings or stating any reasons, ordered that the motion to produce was granted. Ten days later at the request of the government[2] the court vacated this order and entered another characterized by the same generality but adding that the order involved a controlling question of law which was thus stated:

"[W]hether, in this action for refund of taxes in which plaintiff seeks a determination that it is exempt from taxation under Section 501(c) (3) of the Internal Revenue Code of 1954, the alleged discriminatory motives and actions of Government officials who previously considered its status are material to the issue of exemption, and, if proven, can support a recovery herein, and, therefore, whether it is proper as a matter of law to order production of documents relating to such motives and actions."

■ We have difficulty in reconciling the quoted portion of the order with the record as it then existed. First, the government in its answer denied arbitrary and discriminatory action. Second, the issue, stated in the pre-trial order and never changed, did not include any question of arbitrary and discriminatory action. Third, the scope and content of the requested documents are not divulged. Fourth, no ruling was made on the objections of the government asserting lack of good cause, unavailability of the documents under the work product rule, and claim of executive immunity.

At least a modicum of consistency is desirable. If the government's denial of arbitrary and discriminatory action is true, that ends the matter. If the pretrial order correctly states the issue, that ends the matter because good cause does not exist. Without knowing the scope and content of the documents, we have no way of determining whether the controlling question of law mentioned by the trial judge is present. It may be that other objections, made by the government and left in a state of limbo, are good.

■ We are asked to decide an important question of law on which no appellate court has yet spoken directly and we are asked to do this on an unsatisfactory and confused record. We decline the invitation. The question is not ripe for decision. An appellate court will not give an advisory opinion on unknown facts.

■ Although we do not answer the certified question, the state of the record impels action on our part. We do not approve of the manner in which the Rule 34 motion and the objections thereto were handled in the trial court. The government is entitled to specific rulings on its objections. We do not know how such rulings can be made without some disclosure, perhaps in camera, of the scope and content of the documents. We commend to court and counsel the manner in which a Rule 34 motion and objections were handled in Natta v. Hogan, 10 Cir., 392 F.2d 686, 691–694.

The order to produce is vacated and the case is remanded to the district court for further proceedings.

2. This appears in the copy of the May 17 letter from Assistant Attorney General Rogovin to the trial judge which is attached to the application for leave to appeal.