495 F.2d 875
 21 Wage & Hour Cas. (BN 736, 73 Lab.Cas. P 33,064
 Peter J. BRENNAN, Secretary of Labor, United States
Department of Labor, Appellant,
v.
Jerry SINE and Dora Sine, Individually and as partners doing
business as Jerry Sine Investments, Appellees.
Peter J. BRENNAN, Secretary of Labor, United States
Department of Labor, Appellant,
v.
Jerry SINE et al., Appellees.
 Nos. 73-1738, 73-1739.
 United States Court of Appeals, Tenth Circuit.
 April 25, 1974.
 
 James B. Leonard, Atty., U.S. Dept. of Labor (William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Jacob I. Karro, Atty., Tedrick A. Housh, Jr., Regional Sol., U.S. Dept. of Labor, Washington, D.C., with him on the brief), for appellant.
 Ronald C. Barker, Salt Lake City, Utah, for appellees.
 Before CLARK, Associate Justice Retired, Supreme Court of the United States,[1] and SETH and HOLLOWAY, Circuit Judges.
 SETH, Circuit Judge.
 
 
 1
 The Secretary of Labor appeals from dismissal 'with prejudice' by the United States District Court for the District of Utah of these actions brought under section 17 of the Fair Labor Standards Act, 52 Stat. 1060 (1938), as amended, 29 U.S.C. 217, to enjoin appellees from violating the minimum wage, overtime, and record-keeping provisions of the Act, and to require payment of back wages allegedly due appellees' employees under the Act.
 
 
 2
 On December 29, 1971, the Secretary of Labor filed complaints against the above captioned appellees, alleging violations of section 15(a)(2) and (5) of the Fair Labor Standards Act, 29 U.S.C. 215(a)(2) and (5). At the same time he filed a request for production of doctuments under Fed.R.Civ.P. 34 in each case.
 
 
 3
 On January 18 (No. 73-1738) and January 19 (No. 73-1739), 1972, the appellants filed their answers in the cases, denying jurisdiction of the district court; the court's power to require production of the records sought to be examined by the Secretary, and 'all other allegations' in the complaints except for the fact that they operated or were involved in the operation of certain businesses. In addition, in No. 73-1738, the appellees asserted 'their privilege against self-incrimination provided by the Fifth Amendment to the Constitution of the United States and other applicable laws,' in refusing to produce the business records sought by the Secretary.
 
 
 4
 It appears that efforts on behalf of the Secretary to obtain the requested materials were unsuccessful. As a result, on March 20, 1972, he filed a motion for order compelling discovery under Fed.R.Civ.P. 37, asserting that all the requested documents and records were subject to discovery under Fed.R.Civ.P. 26. A hearing was had on this motion on April 18, 1972, and on May 16, 1972, the court entered a formal order denying the Secretary's Rule 37 motion, 'good cause appearing therefor.' No further exposition of this 'good cause' is found.
 
 
 5
 Also on April 18, 1972, a pretrial order was entered in the two cases.
 
 
 6
 On June 5 (No. 73-1739), and June 7 (No. 73-1738), 1972, the appellees filed motions for summary judgment, followed by the Secretary's memorandum in opposition filed on August 28, 1972. A hearing was had on the motions on September 13, 1972, at which time they were denied and, according to the clerk's minute sheet of the hearing, the cases were to be set on the court's trial calendar.
 
 
 7
 On February 7, 1973, appellees filed motions for 'protective order re depositions' in the two cases, alleging that the Secretary was 'attempting to accomplish discovery procedure by means of a deposition and subpoena' which had been previously denied him under the court's order of May 16, 1972. In an ex parte proceeding the same day, the court issued a protective order excusing the appellees from attending the deposition-taking noticed by the Secretary and from producing the documents specified in the notice and accompanying subpoena.
 
 
 8
 On June 7, 1973, the Secretary filed interrogatories to be answered by the appellees in No. 73-1739; this was followed by the appellees' motion to be relieved from answering and objections to interrogatories and motion for sanctions. No formal resolution of these correlative motions appears in the records before this court. It does, however, appear that the court below did order the appellees to answer the interrogatories. The Secretary's counsel, at the time the cause came on for trial on June 27, 1973, stated that 'Monday, a week ago, at the time you called the calendar for trial, I had filed a set of interrogatories and at that time the defendant was ordered by the court to answer those interrogatories.'
 
 
 9
 Assuming that such an order was directed orally by the court, the two cases nevertheless came on for trial on June 27, 1973. On that day, the following colloquy immediately followed the statement of the attorney for the Secretary quoted in the preceding paragraph:
 
 
 10
 'MR. RUTTER: . . . I do not have the answers to those interrogatories. They are a large part of this case.
 
 
 11
 'THE COURT: Dit I put a date on it? When were they supposed to supply them?
 
 
 12
 'MR. RUTTER: You did not specify a date, but the production would be meaningless if it didn't occur before the trial.
 
 
 13
 'THE COURT: You prepared the order, didn't you?
 
 
 14
 'MR. RUTTER: No, sir. I believe it would be a minute order.
 
 
 15
 'THE COURT: Were you here when that happened?
 
 
 16
 'MR. RUTTER: Yes, sir, I was.
 
 
 17
 'THE COURT: Did you know it was set? Did you know the case was set?
 
 
 18
 'MR. RUTTER: Yes, sir, I did.
 
 
 19
 'THE COURT: And you fellows didn't follow through on it. I gave you the order. You didn't follow through on it.
 
 
 20
 'MR. RUTTER: I am at a loss. I don't know what I was supposed to do if they were ordered to--
 
 
 21
 'THE COURT: Well, you are supposed to say, 'I want those answers so I can prepare for trial. It is set and, as a matter of fact, it turns out it is being tried on the 27th day of June.'
 
 
 22
 'THE COURT: It is perfectly obvious to me, young man, that you fellows are not attending to your business, just not attending to your business.'
 
 
 23
 As may be apparent from the foregoing, the Secretary did not put on any evidence in either of the two cases when they were so called for trial. Nor are we abl to find in the records of the two cases any request by the Secretary for a continuance so that the interrogatories might be answered, or witnesses, such as employees and the like, could be subpoenaed to testify, or other preparation made.
 
 
 24
 Under Fed.R.Civ.P. 33(a), the appellees had thirty days in which to answer the tendered interrogatories, absent an order from the court lengthening or shortening this time. Thus, appellees had until July 9, 1973, in which to answer the interrogatories. We are also unable to find in the record any motion by the Secretary requesting that the appellees answer in a shorter time. The answer date was thus, of course, after the date set for trial.
 
 
 25
 The court dismissed the actions, and the grounds for dismissal appear to be (1) for failure to prosecute under Fed.R.Civ.P. 41(b); (2) for a failure on the part of the Secretary to present sufficient evidence to satisfy its burden of proof in the case; and (3) on the merits for a failure to show that the appellees' various business activities came within the provisions of the Fair Labor Standards Act.
 
 
 26
 From a reading of the record, we cannot say that the trial court abused its discretion in dismissing these actions. We express no view on the merits of the cases and will confine our comments to dismissal under Fed.R.Civ.P. 41(b). Nor do we express any view on the propriety of the court's disposition of the Secretary's Rule 34 request for the production of documents or its denial of the Secretary's motions for discovery under Rule 37 and the protective order excusing the appellees from attending deposition-taking and producing documents. The Secretary sought no relief thereon.
 
 
 27
 The time period between the filing of this suit and trial is not, of itself, such as would normally justify such a dismissal. The fact, however, that during the eighteen months between the date of filing the complaint and the date of trial, the Secretary, notwithstanding the rather severe restrictions placed upon his development of the case by the trial court, took no steps to seek relief therefrom, nor otherwise to prepare the case for trial, justified the trial court's exercise of discretion in dismissing the cases. Thus, the length of time in which this case was pending, coupled with the Secretary's failure to have any evidence to present when he knew that trial was to be had on a date certain, justifies dismissal. Food Basket, Inc. Albertson's, Inc., 416 F.2d 937 (10th Cir.).
 
 
 28
 The order of the district court, therefore, is affirmed.
 
 HOLLOWAY, Circuit Judge (dissenting):
 
 29
 I respectfully dissent. While these cases are not free from doubt, I feel that the dismissal of these actions with prejudice was an abuse of discretion when all the circumstances are considered, including the possible effect on rights of employees allegedly under the Fair Labor Standards Act.
 
 
 30
 The court's opinion has outlined the facts in detail, and I mention only the circumstances that impel me to this view. In No. 73-1738, the suit against the Sines as partners, the Department did make a request for production of documents on filing suit in December, 1971 This request covered records relating to whether a covered enterprise existed, hours worked and rates of pay-- the principal issues. A letter in March, 1972 from the Department to the Clerk of the trial court states that the motions for an order compelling discovery had been delayed at the request of defendants' counsel, but that no agreement could be reached. Plaintiff's motion for an order compelling discovery was then filed in March, 1972. It was argued in April and denied, the trial court's reasons not being stated in the record.[1] The motion was argued at the same hearing where pretrial was conducted and the pretrial order stated that an issue was whether the defendants are entitled to assert their privilege against self-incrimination with respect to disclosure of information.
 
 
 31
 Following this adverse ruling the Department again sought discovery in January, 1973 in No. 73-1738. A notice for depositions was served advising again that the same records were sought. A subpoena duces tecum for the records was issued for an appearance on January 29. The defendants moved for a protective order on February 7. The trial court granted an ex parte protective order the same day, excusing the defendants from appearing. Reasons for the order were not stated. The grounds of the motion, however, were that the deposition notice and subpoena were contrary to the trial court's prior order denying an order for discovery. The motion was supported by exhibits from the earlier and this subsequent discovery proceeding seeking to show that they sought the same records and information.
 
 
 32
 To this point in early June, 1973, the proceedings in No. 73-1739, the suit involving the Rancho Lanes, Inc., bowling alley, were almost paralle. However here there was no claim of the privilege against self-incrimination as grounds for refusing discovery. In the Rancho Lanes case on June 7 the Department filed interrogatories. On June 8 notice was given the parties of a calendar call and trial on June 18. On that date objections to the Rancho Lanes case interrogatories were overruled and the defendants were ordered to answer, no date being specified or sought by the Department earlier than the 30-day deadline provided by 33(a), F.R.Civ.P.
 
 
 33
 As the majority opinion sayd, the record shows no motion for a continuance and no motion to shorten the time to answer the interrogatories. However the Department did make two substantial efforts to obtain discovery in the cases which resulted in adverse rulings. When the favorable ruling in the Rancho Lanes case came, on June 18, not much time remained before trial on June 27. And on that day when the defendants had not answered the interrogatories, the Department was obviously at a serious disadvantage by not having had access for so long to the main source of competent proof on the issues-- the defendants' records.
 
 
 34
 Despite the lack of further steps by counsel when the favorable ruling came on June 18, I feel that in view of the background of earlier discovery efforts and the posture at the June 27 hearing, the severity of dismissals with prejudice was not justified. While it is suggested that the Department could have sought relief earlier from the trial court's adverse rulings on discovery, such orders are not generally reviewable by an extraordinary original action, see S.E.C. v. Stewart, 476 F.2d 755, 758 (2d Cir.); Paramount Film Distributing Corp. v. Civic Center Theatre, Inc., 333 F.2d 358, 360-361 (10th Cir.), nor by an attempted appeal under 28 U.S.C.A. 1291, see Gosa v. Securities Investment Co., 449 F.2d 1330, 1332 n. 1 (5th Cir.); Borden Co. v. Sylk, 410 F.2d 843, 845 (3d Cir.); Natta v. Hogan, 392 F.2d 686, 689 (10th Cir.). And I do not believe the Department should be faulted for not pursuing the dubious route of a 1292(b) appeal. See United States v. Salter, 421 F.2d 1393 (1st Cir.); Wright and Miller, Federal Practice and Procedure, 2006, p. 31; but cf. Christian Echoes National Ministry, Inc. v. United States, 404 F.2d 1066 (10th Cir.). Rulings on discovery disputes may be challenged as errors on appeal from a final judgment. See e.g., Donnelly v. Parker, 486 F.2d 402, 409 (D.C.Cir); Goldman v. Checker Taxi Co., 325 F.2d 853 (7th Cir.); Marshall v. Ford Motor Co., 446 F.2d 712 (10th Cir.); Wright and Miller, Federal Practice and Procedure, 2006, p. 34. And in this respect I am satisfied that the earlier rulings sustaining the broad objections to discovery, at least on the grounds relied on by defendants, were in error.[2]
 
 
 35
 In view of all that went before and the situation when the cases were called, I feel the dismissals with prejudice were unjustified. They are a harsh sanction, reserved for extreme cases. Meeker v. Rizley, 324 F.2d 269 (10th Cir.). The law favors hearing the litigant's claim on its merits. Davis v. Operation Amigo, Inc., 378 F.2d 101, 103 (10th Cir.). And there was involved also the potential of frustration of the rights of others, employees allegedly entitled to the Act's benefits.[3]
 
 
 36
 For these reasons I would set aside the dismissals with prejudice and the findings and remand the cases for further proceedings.
 
 
 
 [1]
 Sitting by Designation
 
 
 [1]
 At a later hearing, defendants' counsel stated that the court had indicated the Department ought not to file suit without knowing what they were doing and without evidence of interstate commerce. In No. 73-1738 defendants had asserted broad grounds for refusing to produce the records. They said the Department lacked power to require production and examination of the records, and they also asserted their privilege against self-incrimination. These were the only grounds for opposing discovery before the court at the time the plaintiff's motion for an order compelling discovery was denied, so far as our record shows
 
 
 [2]
 The grounds asserted were that there was no jurisdiction and the privilege against self-incrimination. The jurisdictional argument begged the question and discovery could not be denied on a 'fishing expedition' objection. See Goldman v. Checker Taxi Co., supra, 325 F.2d at 856. And without more the broad claim of the privilege against self-incrimination could not support denial of discovery. United States v. Roundtree, 420 F.2d 845, 852 (5th Cir.)
 It might be proper that certain restrictions be imposed by protective orders limiting discovery sought here to prevent abuse. However the earlier orders entered here were not apparently sought or granted for such a limited purpose but sustained a broad claim that discovery should not proceed at all. This was apparently the trial court's view until the contrary order entered shortly before trial in No. 73-1739.
 
 
 [3]
 I believe that the general statements of the Department's affidavits opposing summary judgment cannot be viewed as insubstantial in view of Brennan v. Dillon, 483 F.2d 1334 (10th Cir.). The trial court did not have the benefit of that decision, however, when the cases were dismissed