**Elizabeth DOLE, Secretary of Labor, United States Department of Labor**

v.

**LOMBARDI ENTERPRISES, INC., William Lombardi Jr., Barbara Estevens.**

**Civ. No. H-83-464 (PCD).**

United States District Court, D. Connecticut.

April 16, 1991.

David L. Baskin, David A. Snyder, John S. Casler, U.S. Dept. of Labor, Office of the Sol., Boston, Mass., John McMahon, Area Director, U.S. Dept. of Labor, Hartford, Conn., for plaintiff.

Robert P. Hanahan, Shea & Hanahan, Middlebury, Conn., Miguel A. Escalera, Jr., David L. Metzger, Siegel, O'Connor, Schiff, Zangari & Kainen, Hartford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

DORSEY, District Judge.

This is an action for civil contempt. Pursuant to a consent judgment entered in 1984, defendants were enjoined from violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and ordered to comply prospectively with the FLSA by payment of overtime, minimum wage, and record keeping.

In July 1988, after an investigation of Lombardi Enterprises, Inc. ("Lombardi"), the Department of Labor concluded that from July 9, 1984 to April 22, 1988, Lombardi did not comply with the minimum and overtime wage requirements of FLSA. On August 15, 1990, the Secretary of Labor petitioned for adjudication of civil contempt based on the July 1988 investigation, Petition for Adjudication of Contempt at ¶ 5, alleging that Lombardi has failed and continues to refuse to comply with the injunction against violating FLSA. On July 9, 1984, Judge Blumenfeld entered judgment by agreement of the parties, which permanently enjoined and restrained defendants from violating FLSA. Petitioner requests defendants be found in civil contempt and be ordered to pay the wage underpayments, a compensatory fine equal to the expenses, and the amount equal to the underpayments as liquidated damages, pursuant to 29 U.S.C. § 216(c).

Six days prior to the hearing, defendants moved to dismiss: (1) due to the Secretary's unreasonable delay in bringing this petition and resulting prejudice; (2) as a sanction under Rule 11 of the Federal Rules of Civil Procedure; (3) to strike the demand for liquidated damages as not within this court's remedial powers or for a jury trial of the liquidated damages claim; (4) the claims predating the commencement of the action by three years as barred by the statute of limitations contained in 29 U.S.C. § 255; (5) the claims against Ms. Barbara Estevens and Mr. William A. Lombardi for failure to plead a factual basis for personal liability. Defendants' claims will be dealt with seriatim.

*Discussion*

1. Delay in Filing Contempt Petition

Lombardi contends that plaintiff's two year delay in filing after completion of the investigation has resulted in substantial prejudice to it and dismissal is appropriate, citing *Occidental Life Ins. Co. v. EEOC*, 432 U.S. 355, 373, 97 S.Ct. 2447, 2458, 53 L.Ed.2d 402 (1977); *Albermale Paper Co.*

*v. Moody,* 422 U.S. 405, 424–25, 95 S.Ct. 2362, 2374–75, 45 L.Ed.2d 280 (1975); *Emhart Indus. v. NLRB,* 907 F.2d 372 (2d Cir.1990); *Donovan v. Breaker of America, Inc.,* 566 F.Supp. 1016 (E.D.Ark.1983); *Brennan v. Sine,* 495 F.2d 875, 876–77 (10th Cir.1984). However, those cases do not support its position. *See Occidental Life,* 432 U.S. at 373, 97 S.Ct. at 2458 (affirmed court of appeals reversal of district court dismissal of EEOC suit due to four year delay in bringing suit, but noted that courts may provide relief in cases involving inordinate delays); *Albermale,* 422 U.S. at 423–24, 95 S.Ct. at 2374–75 (party sought back pay five years after filing the complaint and having previously disclaimed such relief); *Brennan,* 495 F.2d at 877 (dismissal for failure to prosecute for eighteen months from the filing of the complaint to prepare the case for trial).

The cases involving the FLSA, cited by Lombardi, are likewise distinguishable. In *Emhart,* the Second Circuit declined to enforce an NLRB adjudicatory order, issued three and one half years after the dispute arose and after the parties entered into two intervening agreements, because the passage of time had so altered the circumstances that enforcement would undermine more labor policies than it would promote. 907 F.2d at 378–79; *see also Breaker of America, Inc.,* 566 F.Supp. at 1020 (six year delay in bringing an action under Section 17 of the FLSA held inexcusable and prejudicial to defendants).

■ While the Secretary's unexplained two year delay is not condoned, the delay does not warrant dismissal. *Donovan v. Sureway Cleaners,* 656 F.2d 1368, 1373 (9th Cir.1981) (upholding finding of contempt of a 1971 injunction in a contempt proceeding filed in 1975). Plaintiff notified defendants of the alleged continued violation of the injunction. Lombardi claims that it responded to the investigation report by sending a letter to the Secretary of Labor indicating that it was complying with FLSA, but did not receive a reply from plaintiff. However, plaintiff contends the unaddressed letters allegedly sent to plaintiff's compliance officer were not received

and plaintiff had no knowledge of them until October 26, 1990.

■ "Once a prospective injunction has been issued against an employer, ... the employer is put on notice that future violations will result in civil contempt proceedings to enforce the injunction. Under these circumstances the employer would not incur any 'wholly unexpected liabilities.' " *Sureway Cleaners,* 656 F.2d at 1375. Having voluntarily entered into an agreement not to violate FLSA, a prospective injunction, defendants should not be surprised that their activities may be subject to review and that they may be held liable for non-compliance. *Id.* Nor can defendants claim prejudice since they had notice of the allegations and received plaintiff's back wage data which formed the basis of the claims. Defendants had information which would enable them to conduct discovery prior to the contempt hearing and yet failed to conduct any discovery until October 26, 1990, six days prior to the hearing. Under the circumstances, the delay does not warrant dismissal.

Defendants' motion to dismiss petition as a sanction for plaintiff's alleged rule 11 violation is also denied. The allegations of continuing violations were adequately supported by the 1988 investigation which revealed defendants' alleged continued illegal employment practices. If plaintiff's allegations are later found to be unsupported in law or fact, Rule 11 sanctions may be imposed at that time.

### 2. Statute of Limitations

■ Defendants contend the petition is subject to the limitations provisions in 29 U.S.C. § 255(a), which provides that any action to enforce compliance with FLSA must be brought within two years after the cause of action arose or, in cases of willful violation, three years after the cause of action arose, citing *Wirtz v. Chase,* 400 F.2d 665 (6th Cir.1968). Plaintiff contends § 255(a) does not apply to contempt proceedings.

Other circuit courts have disagreed with *Chase* and have held that § 255(a) does not apply to contempt actions. *See Sureway*

*Cleaners,* 656 F.2d at 1373; *Wirtz v. Ocala Gas Co.,* 336 F.2d 236 (5th Cir.1964). In *Sureway Cleaners,* following *Ocala,* it was held that a civil contempt is not a new action but a continuation of an existing cause of action. 656 F.2d at 1374 ("[Civil contempt] merely remedies the disobedience of an injunction already entered by the court."). Because § 255(a) applies to actions commenced to enforce a cause of action, it cannot apply to contempt proceedings. 656 F.2d at 1375. Furthermore, application of § 255(a) "would also reward a wrongful employer who violated an injunction and escaped detection ... for ... two or three years [and] limit the effectiveness of an injunction as a means of providing prospective relief." *Id.* The Fifth and Ninth Circuit's reasoning is compelling. The limitation of § 255(a) does not apply to this contempt proceeding.

### 3. Liquidated Damages

■ Defendants move to strike and/or dismiss plaintiff's claim for liquidated damages, pursuant to 29 U.S.C. § 216(b), on the basis that this court does not have authority to issue liquidated damages in a contempt proceeding. Plaintiff claims that defendants "seek to impose a Hobson's choice on the plaintiff—file under § 216(c) and allow the defendants to escape the consequences of violating the court order or file for contempt and deprive employees of liquidated damages." Plaintiff's Memorandum at 6. However, plaintiff has sought to attach a new cause of action under § 216(c) to a continued action, enforcement of injunction issued under § 217.

There are three distinct causes of action under the FLSA. First, employees may sue an employer, pursuant to 29 U.S.C. § 216(b), to recover unpaid overtime or minimum wages and an equal amount of liquidated damages. Second, under 29 U.S.C. § 216(c), the Secretary may sue, on behalf of employees, for unpaid overtime and minimum wages and an equal amount of liquidated damages. Third, the Secretary may, pursuant to 29 U.S.C. § 217, bring an action for injunctive relief.

It is well settled that liquidated damages may only be awarded in suits under 29 U.S.C. §§ 216(b) and (c), where the employer has a right to a jury trial on the back pay issue. *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1063 (2d Cir.1988) ("The FLSA does not allow liquidated damages where, as here, the employer has no right to a jury on the underlying issue of unpaid overtime compensation."); *Dole v. Scott–Rice of Texas, Inc.,* 731 F.Supp. 776, 777 (N.D.Tex.1990) (liquidated damages not awarded in a judicial trial). "If the Secretary is permitted to collect section 16 liquidated damages in an action where the overtime wage issues are determined by the judge pursuant to section 17, then the employer is stripped of the protection that the Act provides by limiting the amount of liquidated damages to the amount of the jury's back pay award." *Brock,* 840 F.2d at 1064 (Secretary's claim seeking overtime wages was brought solely under Section 17 and Secretary could not seek liquidated damages), citing, *Marshall v. Hanioti Hotel Corp.,* 490 F.Supp. 1020, 1024 (N.D.Ga. 1980).

Secretary's contempt petition is a continuation of the underlying cause of action for injunctive relief, brought pursuant to Section 17. *Sureway Cleaners,* 656 F.2d at 1375. While the underlying suit included a claim for liquidated damages under Section 16(c), that claim was resolved by the consent decree. The only claim here presented is enforcement of the injunction. Since this court could not have awarded liquidated damages under the Secretary's Section 17 claim, it follows that similar relief cannot be awarded in an action to enforce a judgment entered pursuant to that claim.

The Secretary, however, is not precluded from seeking liquidated damages on behalf of employees. Liquidated damages may be sought by a new and separate suit under Section 16(c). It is not clear from the petition if the Secretary seeks liquidated damages as a separate cause of action and not simply as relief for violation of an injunction entered under Section 17. "Had the Secretary wanted to be sure he could get liquidated damages, he should have amended his complaint to seek overtime wages

under Section 16(c). Having elected to pursue overtime wages only under Section 17, and gained what he apparently thought was the advantage of avoiding a jury trial on that component of relief, the Secretary has no valid claim for liquidated damages." *Brock*, 840 F.2d at 1064. Having elected to bring an action to enforce the injunction, rather than a new suit under Section 16(c), the Secretary opted to forego liquidated damages. If, however, the Secretary wishes to join, pursuant to Fed.R.Civ.P. 18, a claim for liquidated damages, she may amend her petition to add the claim, but the back pay issue will be presented to a jury.

Accordingly, defendants' motion to strike the liquidated damages claim is granted, without prejudice to plaintiff's renewal of the claim in accordance with this ruling.

### 4. Failure to Maintain Time Cards

Defendants move to dismiss plaintiff's claim that the defendants have failed to maintain time cards on the basis that 29 C.F.R. § 216.6 only obligates employers to maintain time cards for two years. In view of plaintiff's clarification that she simply claims defendants failed to maintain accurate records during the relevant period, the motion is denied as moot.

### 5. Claims Against Barbara Estevens and William Lombardi

Individual defendants move to dismiss the petition against them on the basis that FLSA applies to employers and Lombardi is the employer in this case not the individual defendants. This argument lacks merit. The 1984 judgment enjoined violations by the individual defendants as employers and, thus, they are bound by the injunction. Furthermore, individuals who control or operate a business and act directly upon employees are employers under the Act. *Donovan v. Agnew*, 712 F.2d 1509, 1510–14 (1st Cir.1983); *Shultz v. Mack Farland & Sons Roofing*, 413 F.2d 1296, 1299–1301 (5th Cir.1969). Thus, individual defendants have been properly named and brought into this action.

*Conclusion*

Accordingly, defendants' motion to dismiss is denied in part and granted in part.

SO ORDERED.