George P. SHULTZ, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Johnnie TULLOS, Defendant.

No. 68 C-67.

United States District Court
E. D. Arkansas,
Pine Bluff Division.

Dec. 18, 1969.

Roger J. Martinson, U. S. Dept. of Labor, Atlanta, Ga., W. H. Dillahunty, U. S. Atty., Little Rock, Ark., for plaintiff.

William H. Drew, Lake Village, Ark., for defendant.

MEMORANDUM OPINION

OREN HARRIS, District Judge.

In this action the Secretary of Labor, United States Department of Labor, seeks to enjoin the defendant, Johnnie Tullos, for violating the provisions of §§ 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.). Plaintiff also seeks to restrain defendant from with-

holding payment of minimum wages and overtime compensation due certain of the defendant's employees.

Pursuant to the regular schedule for hearing, the case was tried to the Court on December 12, 1969. The parties to the action appeared and duly represented by counsel. Following statements by counsel, ore tenus testimony was given by witnesses, various exhibits and answers to interrogatories propounded by plaintiff to defendant were entered of record.

The defendant Johnnie Tullos, is a resident of Lake Village, Arkansas. He is engaged in the business of aerial spraying and dusting of crops. Aulton Brown, an employee of the defendant, worked for him in connection with his business during the years of 1966 through 1969.

Eddie Johnson, another employee had worked for the defendant some ten or twelve years, including 1967–1969.

Both employees would service trucks of the defendant and load the airplanes for spraying and dusting of crops.

The business engaged in by the defendant is largely seasonal with the business season of the year commencing in June and continuing until September. Prior to the busy season and following the employees worked irregularly and the days worked usually would be 9:00 a.m. until 5:00 p.m. with one hour for lunch. During the peak season of the application of insecticides to the crops they would work oftentimes seven days a week.

During the off season both employees worked a part of the time for other employers usually engaged in some type of farm activity.

The records of the defendant were received as exhibits, which included the work-time by hours and cancelled checks paid to the employees each week during the alleged time of the violation commencing January 2, 1966. In addition, there was received in the record the payment by the defendant of social security for both employees on a quarterly basis.

The employees, Aulton Brown and Eddie Johnson, testified as to their payment and that they were employed by and worked for the defendant for the past three years for which they had been paid in full, including overtime as reflected by the records of the defendant.

The testimony further disclosed that Bobby Scott, Compliance Officer of the United States Department of Labor, conducted an investigation and subsequently conferred with the Defendant Tullos and his attorney, W. H. Drew of Lake Village, Arkansas.

Subsequently, in 1968, Carroll E. Rast, another Compliance Officer with the United States Department of Labor, made an investigation of the activities of the defendant and concluded that the daily records of activities were insufficient for a determination of the compliance.

Jurisdiction is established and admitted.

The defendant operates a seasonal business of dusting and spraying of insecticides on agricultural productions, including cotton. Aulton Brown and Eddie Johnson were employees of the defendant during the time alleged in this proceeding, January 2, 1966, and subsequent thereto for which they were paid on an hourly basis. The record establishes that the employees were paid by check during the time which comports with the hourly timetable kept by the defendant.

█   The burden is on the plaintiff to establish evidence of noncompliance by the defendant.

█   The burden is on the defendant to establish the records made at the time were accurate and correct.

█   From the testimony, exhibits thereto, the interrogatories and the entire record, the Court is of the opinion that the defendant assumed its burden and established from the records that there was at all times involved in this proceeding a compliance with the Fair

Labor Standards Act (29 U.S.C. § 201 et seq.).

In accordance with the ruling of the Court at the conclusion of the testimony and this Memorandum, an Order is being entered.