**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**BREAKER OF AMERICA, INC., Breaker of Roosevelt Road, Inc., Breaker of Dollarway Road, Inc., Breaker of Pine Bluff, Inc., Breaker of Geyer Springs, Inc., Breaker of Little Rock, Inc., Breaker of North Little Rock, Inc., Breaker of Walnut Ridge, Inc., Breaker of Monticello, Inc., and John Galemore, Defendants.**

No. LR–C–81–433.

United States District Court, E.D. Arkansas, W.D.

April 18, 1983.

Ronnie Howell, Little Rock, Ark., and Max Wernick, U.S. Dept. of Labor, Dallas, Tex., for plaintiff.

Richard L. Barnes and T. Jay Thompson, Tulsa, Okl., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROY, District Judge.

This is an action brought by the Secretary of Labor, U.S. Department of Labor, to enjoin defendants from violating the provisions of §§ 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), and to restrain the withholding of payment of minimum wages and overtime compensation found by the Court to be due the employees of defendants under the Act, together with interest thereon at the maximum legal rate of 9 percent per annum from the date the back wages became due until paid, and costs of this action.

This cause came on for trial before the Court and at the conclusion of the trial the attorneys requested permission to file briefs.[1] These briefs have now been received and the case is ready for decision. Having considered the pleadings, stipulations, exhibits, oral testimony of witnesses and the statements of counsel, and being fully advised in the premises of this matter, the Court makes and issues its findings of fact and conclusions of law as follows:

## Findings of Fact

1.  Plaintiff is Raymond J. Donovan, Secretary of Labor, U.S. Department of Labor.

2.  Defendant Breaker of America, Inc., ("BOA") is and has been during all relevant periods a corporation with its principal place of business in Chanute, Kansas, from which it is engaged in the business of acting as the franchisor of retail food, which establishments are operated under the name of "Breaker" at various locations in the state of Arkansas and elsewhere.

3.  Defendant Breaker of Roosevelt Road, Inc., had been a corporation with a place of business and doing business in Little Rock, Arkansas, and had been engaged in the business of operating a retail food establishment. This defendant ceased doing business on or about October 1981.

4.  Defendant Breaker of Dollarway, Inc., is and has been during all relevant periods a corporation with a place of business and doing business in Pine Bluff, Arkansas, and has been engaged in the business of operating a retail food establishment.

5.  Defendant Breaker of Pine Bluff, Inc., is and has been during all relevant periods a corporation with a place of business and doing business in Pine Bluff, Arkansas, and has been engaged in the business of operating a retail food establishment.

6.  Defendant Breaker of Geyer Springs, Inc., had been a corporation with a place of business and doing business in Little Rock, Arkansas, and had been engaged in the business of operating a retail food establish-

1. Plaintiff's reply brief was filed March 14, 1983.

ment. This defendant ceased doing business in 1982.

7. Defendant Breaker of North Little Rock, Inc., had been a corporation with a place of business and doing business in North Little Rock, Arkansas, and had been engaged in the business of operating a retail food establishment. This defendant ceased doing business in 1982.

8. Defendant Breaker of Little Rock, Inc., is and has been during all relevant periods a corporation with a place of business and doing business in Little Rock, Arkansas, and has been engaged in the business of operating a retail food establishment.

9. Defendant Breaker of Walnut Ridge, Inc., is and has been during all relevant periods a corporation with a place of business and doing business in Walnut Ridge, Arkansas, and has been engaged in the business of operating a retail food establishment.

10. Defendant Breaker of Monticello, Inc., is and has been during all relevant periods a corporation with a place of business and doing business in Monticello, Arkansas, and has been engaged in the business of operating a retail food establishment.

11. Defendant John Galemore is and has been during all relevant periods president and sole shareholder of defendant Breaker of America, Inc.

12. Plaintiff seeks to bind the named defendants for alleged violations by other defendant establishments and three establishments which plaintiff did not name as parties: Breaker of Corning, Breaker of Pocahontas, and Breaker of Highland. Plaintiff seeks to recover both a restitutionary injunction as to alleged back wages due and prospective prohibitive relief against the named defendants as to the violations of all eleven establishments, including those not made parties.

13. The defendants, and each of them, have not through unified operation or common control engaged in the performance of related activity for a common business pur-

pose. As to each of the individual defendant establishments, the Court finds the lack of unified operation or common control to be shown by the facts that these defendants with few exceptions have discretion to and in fact charge different prices for food items; have authority to and do in fact hire and fire employees in a separate and independent manner; have authority to and do set their own individual hours of operation; have authority to and do independently determine the wages and other terms and conditions of their employees; have authority to determine the number of employees needed; have authority to purchase supplies from any source they choose; and have authority to and do determine whether to issue dividends. Most of the establishments do engage voluntarily in common purchasing of administrative services and supplies.

14. The Court finds that defendant John Galemore and BOA do not through unified operation or common control engage in the performance of related activity for a common business purpose with any one or more of the eight defendant establishments or the three nonparty establishments, Breaker of Corning, Inc., Breaker of Pocahontas, Inc., and Breaker of Highland. In this regard, the Court finds persuasive the facts that Galemore and Breaker do not have authority to and do not establish prices for these establishments; they do not establish employment or other business policies for the establishments; they do not establish standard menus or food prices for the establishments; they do not establish a standard physical appearance for the establishments; they do not control or dictate the hiring of operating managers for the establishments; and they do not control, dictate or otherwise interfere with each establishment's wide discretion in day-to-day operations, terms and conditions of employment, and policy decisions.

15. As to stock ownership of the restaurant defendants, the Court finds that with few exceptions each store manager owns some stock in the restaurant managed. The remaining stock is owned by other in-

vestors, and defendant Galemore owns stock in some but not all of the restaurant establishments. The Court finds that defendant Galemore did not actively seek to acquire stock in the restaurant establishments, and that he has sought to encourage independent ownership of the establishments. The stock which he did acquire and the loans which he made appeared to be for the purpose of keeping the restaurants operating instead of going "broke"—not for the purpose of trying to control the establishments. The loan agreements in evidence do not provide any additional powers of active control, and no evidence was placed in the record which establishes the loans were used to promote control of the establishments by Galemore.

16. The evidence of activities of BOA and John Galemore is generally consistent with the scope of responsibilities as franchisor or lessor, and there is no evidence of control of terms and conditions of employment or operations or even the power to control such matters.

17. Plaintiff began its investigation of defendants' employment practices in late 1975 when the subject retail food restaurants were operated by another franchisor. On or about March 1976 plaintiff asserted that one defendant was in violation of the Fair Labor Standards Act. Defendant's counsel disputed this assertion, supplied information to plaintiff in May 1976 and forcefully contended that the establishments did not constitute an enterprise. Plaintiff made no written communication to any of the defendants concerning the matter until 1981, and this lawsuit was commenced on July 24, 1981.

18. The Court finds that the delay from the time the investigation started in 1975 until July 1981 to be an inexcusable delay which has prejudiced defendants. Specifically, defendants continued their business operations and some commenced their operations during the period of delay. Plaintiff had a duty to act with reasonable promptness, if it believed defendants' payment plans to be unlawful. By taking no action and failing to respond to the letter from defendants' attorney, plaintiff allowed what it now contends to be a willful violation of the Act to continue for more than four years.

The delay in bringing this action prejudiced defendants' ability to prepare an adequate defense, as evidenced by the absence of payroll records. Defendants' failure to preserve relevant evidence can be attributed to plaintiff's inaction after the initial investigation which led defendant to believe the plaintiff had accepted the explanation of defendants' attorney.

19. No individual defendant has had an annual gross volume of sales made or business done of not less than $275,000 (exclusive of excise taxes at the retail level which are separately stated) during the period July 1, 1978, through June 30, 1980; of not less than $325,000 (exclusive of excise taxes at the retail level which are separately stated) during the period July 1, 1980, through December 31, 1981; or of not less than $362,500 (exclusive of excise taxes at the retail level which are separately stated) during the period since January 1, 1982.

20. Application of the Fair Labor Standards Act to defendants' employment practices at all times since July 24, 1978, has been in question. The Court finds that each defendant in good faith and upon a reasonable basis believed that the Fair Labor Standards Act had no applicability to its operations.

21. The Court finds that each individual retail food establishment is a retail or service establishment whose goods and services are not for resale and which is recognized as retail sales in its industry. The franchise agreement provides the restaurant will be operated at a specified location in Arkansas. The Court further finds that the annual dollar volume of sales of goods and services by each establishment is made within the state of Arkansas.

### Conclusions of Law

1. The Court has jurisdiction over the parties and over the subject matter of this action under Section 17 of the Fair Labor

Standards Act of 1938, as amended (29 U.S.C. §§ 201, *et seq.*), hereinafter referred to as the Act.

■ 2. The Act is to be accorded a liberal construction.

"*Mitchell v. C.W. Vollmer & Co.,* 349 U.S. 427, 429, 75 S.Ct. 860, 861–862, 99 L.Ed. 1196, 1200 (1955); *Wirtz v. Keystone Readers Service, Inc.,* 418 F.2d 249, 261 N. 8 (5th Cir.1969); *Shultz v. Mack Farland & Sons Roofing Co.,* 413 F.2d 1296, 1300 (5th Cir.1969), but the Act must be applied with reason and in a common sense fashion."

*Dunlop v. Ashy,* 555 F.2d 1228, 1234 (5th Cir.1977).

■ 3. The burden of proof is upon the plaintiff to establish coverage of the defendants' establishments under the Act. *See, D.A. Schulte, Inc., v. Gangi,* 328 U.S. 108, 120, 66 S.Ct. 925, 931, 90 L.Ed. 1114 (1946); *Wirtz v. Durham Sandwich Co., Inc.,* 259 F.Supp. 710, 712 (M.D.N.C.1965), *aff'd.* 367 F.2d 810 (4th Cir.1966); *Shultz v. Tullos,* 307 F.Supp. 707 (E.D.Ark.1969). Plaintiff must also establish the element of common control or unified operations. *Marshall v. Sideris,* 524 F.Supp. 521, 529 (D.Neb.1981), *rev'd on other grounds sub nom., Donovan v. Sideris,* 688 F.2d 74 (8th Cir.1982). Plaintiff has failed to carry the required burden of proof in this case.

■ 4. The defendants during the period since July 24, 1978, have not been an enterprise within the meaning of Section 3(r) of the Act since they do not through unified operation or common control engage in the performance of related activity for a common business purpose.

■ 5. The fact of stock ownership by John Galemore in one or more of these defendants does not by itself demonstrate unified operation or common control. This circuit looks to the reality of actual control, as demonstrated in daily operations and policy-making, as the determining factor. *Brennan v. Plaza Shoe Store, Inc.,* 522 F.2d 843 (8th Cir.1975). The Court concludes that neither John Galemore nor any other defendant utilizes its stock ownership to exercise unified operations or common control.

6. Because defendants do not constitute an "enterprise" within the meaning of the Fair Labor Standards Act, their wage payment plans are not subject to the minimum wage and overtime provisions of the Act, 29 U.S.C. §§ 206 and 207, and defendants have not violated the Act's prohibitive provisions or recordkeeping requirements, 29 U.S.C. §§ 211(c) or 215(a).

■ 7. Even if some or all of the defendants or non-party establishments were found to constitute an enterprise within the meaning of the Act, the Court concludes that John Galemore is not an "employer" of the employees of any individual establishment within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), and therefore he is not liable for nor subject to a restitutionary or prospective injunction for violations of the Act which may have been or may be committed by the restaurant establishments.

■ 8. Even if some or all of the defendants or non-party establishments were found to constitute an enterprise within the meaning of the Act, the Court concludes that each of the individual establishments is not an employer of the employees of any other individual establishment within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d), and therefore one defendant establishment is not liable for nor subject to a restitutionary or prospective injunction for violations of the Act which may have been or may be committed by the restaurant establishments.

■ 9. Even if some or all of the defendants were found to constitute an enterprise within the meaning of the Act, the Court concludes that they have sufficiently established unreasonable delay and resulting prejudice, thereby entitling them to equitable relief. *See, Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Accordingly, no back pay liability would be imposed on defendants.

10. The Court finds that the employees of each individual establishment which is not found to be a part of an "enterprise" are and have been exempt from the coverage of the Act under Section 13(a)(2), 29 U.S.C. § 213(a)(2).

11. Any findings of fact deemed to be a conclusion of law is hereby adopted as a conclusion of law.

WHEREFORE, plaintiff's action is dismissed with prejudice and judgment will be entered in favor of all defendants. Costs will be assessed against the plaintiff.