Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

BEVERAGE EXPRESS, INC., et al., Defendants.

No. C83–308A.

United States District Court, N.D. Ohio, E.D.

May 31, 1985.

Benjamin T. Chinni, U.S. Dept. of Labor, Cleveland, Ohio, for plaintiff.

Joseph O'Leary, Akron, Ohio, for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

Plaintiff, the Secretary of Labor, filed the above-captioned case against defendants, Beverage Express, Inc., Pat & Joe's Drive-Thru, Inc., Joseph Moneskey and Pat Camp, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Before the Court are cross-motions for summary judgment. The issue before the Court is whether defendants Beverage Express and Pat & Joe's Drive-Thru constitute an enterprise engaged in commerce subject to the regulation of the Fair Labor Standards Act. For the reasons which follow, judgment is granted in favor of the Secretary and against the defendants.

The Secretary seeks an injunction against future violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, as well as back-pay for the affected employees. As the Supreme Court has noted, "[a]n employee is entitled to the benefits of the minimum wage and maximum hours provisions of the Act if he is, *inter alia,* 'employed in an enterprise engaged in commerce or in the production of goods for commerce....'" 29 U.S.C. §§ 206(a), 207(a)." *Brennan v. Arnheim & Neely,* 410 U.S. 512, 513, 93 S.Ct. 1138, 1139, 35 L.Ed.2d 463 (1973).

The following facts are undisputed: Defendants Beverage Express and Pat & Joe's Drive-Thru are Ohio corporations engaged in the operation of beverage stores. Defendant Moneskey is the president and incorporator of both corporations and defendant Camp is the manager of both beverage stores. The Secretary alleges past

and continuous violations of the Fair Labor Standards Act by the defendants. In defining enterprises subject to the Act, Congress created an exception for retail establishments which do not achieve a certain minimum gross volume of sales. Congress provided:

(s) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise which has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and which—

.    .    .    .    .

(2) is an enterprise which is comprised exclusively of one or more retail or service establishments, as defined in section 213(a)(2) of this title, and whose annual gross volume of sales made or business done is not less than $250,000 (exclusive of excise taxes at the retail level which are separately stated), beginning July 1, 1978, whose annual gross volume of sales made or business done is not less than $275,000 (exclusive of excise taxes at the retail level which are separately stated), beginning July 1, 1980, whose annual gross volume of sales made or business done is not less than $325,000 (exclusive of excise taxes at the retail level which are separately stated), and after December 31, 1981, whose annual gross volume of sales made or business done is not less than $362,500 (exclusive of excise taxes at the retail level which are separately stated);

29 U.S.C. § 203(s)(2).

Defendants assert that defendants Beverage Express and Pat & Joe's Drive-Thru are independent corporations and their individual gross volume of sales do not exceed the required amount to subject the defendants to the requirements of the Act. The Secretary asserts that defendants Beverage Express and Pat & Joe's Drive-Thru constitute one enterprise for the purposes of the Act and the "enterprise's" annual gross volume of sales exceeds the required amount.[1]

In the Fair Labor Standards Act Congress provided that

(r) "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units including departments of an establishment operated through leasing arrangements, but shall not include the related activities performed for such enterprise by an independent contractor: *Provided,* That, within the meaning of this subsection, a retail or service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise by reason of any arrangement, which includes, but is not necessarily limited to, an agreement (1) that it will sell, or sell only, certain goods specified by a particular manufacturer, distributor, or advertiser, or (2) that it will join with other such establishments in the same industry for the purpose of collective purchasing, or (3) that it will have the exclusive right to sell the goods or use the brand name of a manufacturer, distributor, or advertiser within a specified area, or by reason of the fact that it occupies premises leased to it by a person who also leases premises to other retail or service establishments.

29 U.S.C. § 203(r). The Supreme Court held "the three main elements of the statutory definition of 'enterprise' [are] related activities, unified operation or common control, and common business purpose." *Brennan,* 410 U.S. at 518, 93 S.Ct. at 1142.

(¶ 17 of Wincki affidavit and plaintiff's exhibit 9.)

---

1. The combined gross volume of sales for Beverage Express and Pat & Joe's Drive-Thru for 1980 was $538,681.92 and for 1981 was $530,879.97.

The Secretary submitted the affidavit of Donna Abshier, bookkeeper for Beverage Express and Pat & Joe's Drive-Thru from 1978 through 1980, the affidavit of Walter P. Wincki, the investigating compliance officer of the Department of Labor, and defendants' answers to the Secretary's requests for admissions in support of the motion for summary judgment. Defendants submitted the affidavit of Pat Camp in support of their motion for summary judgment. Defendant Camp attests that she is an officer and manager of Pat & Joe's Drive-Thru and that it is a retail establishment selling beer, wine, cigarettes, and various snack foods located in Akron, Ohio.

The following unrebutted facts are evident from the materials filed with the Secretary's motion for summary judgment: Defendant Camp is also the manager of the Beverage Express. Beverage Express and Pat & Joe's Drive-Thru are both located in Akron, Ohio, but at separate locations. Joe Moneskey is the president and incorporator of both corporations. Moneskey and Camp hire and fire employees at both beverage stores. Numerous employees worked interchangeably at both beverage stores. Camp scheduled the employees for both stores. All capital expenditures for both stores were approved by Moneskey. All payroll records of employees of both beverage stores were maintained by Moneskey at his office.

It is apparent that Beverage Express and Pat & Joe's Drive-Thru are operating under a unified operation and the common control of Moneskey and Camp. Although Beverage Express and Pat & Joe's Drive-Thru are operated at separate locations in Akron, Ohio, they are both beverage stores operated and controlled by Moneskey and Camp. Consequently, they come within the meaning of an enterprise subject to the requirements of the Fair Labor Standards Act as contemplated by Congress. *See generally, Hodgson v. University Club Tower, Inc.,* 466 F.2d 745 (10th Cir.1972) (ownership by different corporations is not determinative of separate enterprises); *Donovan v. I and J, Inc.,* 567 F.Supp. 93 (E.D.La.1983) (two separate ice cream stores under common management are one enterprise); *Donovan v. Breaker of America, Inc.,* 566 F.Supp. 1016 (E.D.Ark.1983) (focus of common enterprise is upon daily operations and policy making as the determining factor.)

Considering that defendants Beverage Express and Pat & Joe's Drive-Thru are enterprises engaged in commerce pursuant to 29 U.S.C. § 203, they must comply with the minimum wage and maximum hour provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207. Accordingly, the Secretary's motion for summary judgment is granted and the defendants' motion for summary judgment is denied.